# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT M. KING, | ) |
|       Plaintiff, | ) |
| v. | ) Cause No. 1:08-CV-252 PPS |
| TRACFONE WIRELESS, INC., | ) |
|       Defendants. | ) |

## OPINION AND ORDER

On October 27, 2008, Robert M. King, a pro se plaintiff, filed this lawsuit against TracFone, his cellular phone service provider. King believes his cell phone is being monitored by law enforcement and claims TracFone has failed to provide him copies of any court orders mandating or permitting the monitoring of his phone. TracFone has moved to dismiss the complaint [DE 8] for failure to state a claim.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for failure to state a claim upon which relief can be granted. In the context of a motion to dismiss for failure to state a claim, the Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombley*, 127 S.Ct. 1955, 1964-65 (2007). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Two weeks later, the Supreme Court decided *Erickson v. Pardus*, 127 S. Ct. 2197 (2007). In *Erickson*, the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. There, the Court stated that "[s]pecific facts are not necessary" to meet the

requirements of Rule 8(a). The Court further noted that a "document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. at 2200. In an effort to reconcile *Twombley* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility*, 499 F.3d 663, 667 (7th Cir. 2007).

King purports to bring this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress a violation of federally secured rights by a person acting under color of state law. *Gossmeyer v. McDonald*, 128 F.3d 481, 489-90 (7th Cir. 1997). The statute itself is not a source of substantive rights, but is a means for vindicating rights conferred elsewhere. *See id.* Thus, in order to state a claim under Section 1983, a plaintiff must allege that the defendant (1) deprived him of a federal right, and (2) did do acting under color of state law. *Savory v. Lyons*, 469 F.3d 667, 6570 (7th Cir. 2006) (internal citations omitted).

King cannot pursue a claim against TracFone under Section 1983 because he does not allege that TracFone acted under color of state law. Section 1983 is intended to provide relief against those who act pursuant to a government authority. *See Mitchem v. Foster*, 407 U.S. 225, 242 (1972). Plaintiffs may sue private entities under Section 1983, but only in limited circumstances, such as when there is a close relationship between a private actor's actions and those of government officials, or when a private entity performs functions traditionally performed by the government. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). There is no indication in the Complaint that TracFone, a private company, performed

any government functions or otherwise acted with government authority with respect to King.

Nor has King stated a cause of action under any other federal law. Assuming, as I must at this stage, that TracFone provided information to law enforcement pursuant to a warrant or court order, King is not entitled to that information. The Federal Wiretap Act prohibits telecommunications providers from "disclos[ing] the existence of any interception or surveillance or the device used to accomplish the interception or surveillance with respect to which the [provider] has been furnished a court order . . . except as may be otherwise required by legal process." 18 U.S.C. §§ 2511(2)(a)(ii). So even if there was a warrant or court order to monitor King's cell phone, TracFone would not be legally permitted to disclose that information to King.

Since no cause of action exists under the facts as alleged by King, TracFone's Motion to Dismiss [DE 8] is **GRANTED**.

**SO ORDERED**.

ENTERED: January 26, 2009.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
